Affirmed and Memorandum Opinion filed February 13, 2003















Affirmed and
Memorandum Opinion filed February 13, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00535-CR

_______________

 

ESTEEN WILLIAM
REID, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________

 

On Appeal from the 177th District Court

Harris County, Texas 

Trial Court Cause No. 881,458

___________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Appellant Esteen
William Reid appeals his conviction for attempted capital murder on the ground
that the evidence was legally insufficient to prove the offense.  We affirm.

            Appellant’s challenge to the
sufficiency of the evidence contends that he cannot be convicted only on a
strong suspicion, but does not specify which element(s) of the offense the
evidence failed to prove or explain how or why the evidence failed to prove any
elements. Because this challenge thus fails to demonstrate that the evidence is
insufficient, it is overruled.

            Appellant also contends that his
indictment charged him only with deadly conduct, not attempted capital
murder.  Even if this were true, his
brief concedes that it is a defect of substance (as contrasted from a
fundamental defect).  Because he did not
raise it in a timely motion to quash the indictment, the complaint is waived.  See
Tex. Code Crim.
Proc. Ann. art. 1.14(b) (Vernon Supp.
2003).

            In addition, attempted capital
murder is a result-of-conduct offense for which the culpable mental state
pertains to causing death.[1]  Deadly (or reckless) conduct is a
lesser-included offense of attempted capital murder.  See Godsey v. State, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986).  It
is a nature-of-conduct offense for which the culpable mental state pertains
only to engaging in the conduct, not causing a result.  See  Tex.
Pen. Code Ann. § 22.05 (Vernon
1994).  Although the indictment in this
case alleged conduct that could constitute either deadly conduct or attempted
capital murder, it alleged a culpable mental state that could only be the
latter, i.e., “with the specific
intent to commit capital murder.” 
Therefore, the indictment did not charge appellant with only deadly
conduct.  Accordingly, appellant’s issue
is overruled, and the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed February 13, 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











[1]           See Tex. Pen. Code Ann. §§ 15.01(a), 19.02(b), 19.03(a) (Vernon 1994); Medina v. State, 7 S.W.3d 633, 639 (Tex. Crim. App. 1999).